**Hattie COOK et al., Respondents,**

v.

**Dorothy CUREATZ et al., Appellants.**

**No. 25319.**

Kansas City Court of Appeals, Missouri.

April 5, 1971.

Joel Pelofsky, Kansas City, for appellants.

Alan B. Slayton, Independence, for respondents.

HOWARD, Judge.

This is an unlawful detainer action brought by two unmarried sisters who own a house located at 1041 West Maple Street in Independence, Missouri, to recover possession of the upstairs apartment thereof.

The case originated in magistrate court and upon appeal to the circuit court, was tried to the court without a jury. Judgment was entered for plaintiffs for restitution; for double the rent due during the period of detention up to the time of judgment in the amount of $1,495.00; and for double the amount of monthly rent thereafter, until possession was restored to plaintiffs at the rate of $130.00 per month. Defendants have appealed to this court and we shall refer to the parties as they appeared below.

The evidence was sharply conflicting and, therefore, in this court-tried case, we shall give due regard to the opportunity of the trial court to judge the credibility of the witnesses. It is apparent that the trial judge believed the testimony of plaintiffs and disbelieved the testimony of defendants. Even the cold transcript amply justifies this determination of the matter of credibility. We defer thereto and shall summarize the evidence in accordance with such determination. Civil Rule 73.01, V.A.M.R. At the time of trial one of plaintiff sisters was 72 years old and blind and the other 88 years old. Defendants, a mother and her grown daughter, are citizens of Canada and came to Independence, Missouri, in March, 1968, to attend a week long conference of the Reorganized Church of Jesus Christ of Latter Day Saints. At the previous conference, the defendants had secured lodging with the plaintiffs, and on this occasion they arranged to occupy the upstairs apartment in plaintiffs' home for the one week duration of the conference, for a rental of $25.00 (defendants maintain this was two weeks for $25.00 but this is not material).

After conference was over defendants desired to stay longer and, since it appears that the upstairs apartment was in need of cleaning and painting, it was agreed between the parties that they could continue to occupy the upstairs apartment in plaintiffs' house for a period of two months and that during this period, they would clean and redecorate the apartment in lieu of rent. The defendants did stay and did do some cleaning and painting. Exactly how much work was done and when it was done is not clear, but such questions are not decisive. Both plaintiffs testified that at the end of the two-month period, they verbally asked defendants to leave on numerous occasions. In each instance, defendants replied that they would leave in a day or two. However, they never did leave. Sometime during the spring and summer of 1968, there was some discussion and negotiation between the parties looking toward the sale of the house by plaintiffs to defendants. Defendants admit in their brief in this court that no sales contract was ever consummated and, therefore, details of such negotiation become immaterial. In any event, on August 28, 1968, a written notice demanding immediate vacation of the premises was personally delivered to defendants by an attorney for plaintiffs. Defendants did not leave and this lawsuit resulted. Judgment was originally entered in the circuit court on March 4, 1969, almost one year after defendants moved into plaintiffs' upstairs apartment on March 17, 1968.

On this appeal, defendants attack the sufficiency of the evidence to support the judgment; they deny that the evidence shows a specific term of two months and contend that they were tenants at will, and that such tenancy could not be terminated without a statutory 30-day notice to quit. They also attack the sufficiency of the evidence to support the money judgment and further contend the petition does not state a cause of action.

As to the rental value of the property, one of the plaintiffs testified at the trial that they had been renting the apartment for $65.00 per month. The motion for new trial filed by defendants strongly contended that this was not sufficient to support a finding that the rental value was $65.00 per month at the time the premises were occupied by defendants. At the request of plaintiffs, the trial court reopened the judgment and heard additional evidence

from a real estate broker as to the reasonable rental value of the premises in question. His testimony was that such value was $65.00 per month. After hearing such evidence the trial court set aside the previous judgment, again took the case under advisement, and on June 2, 1969, entered a new judgment. This judgment again ordered possession restored to plaintiffs and awarded them double the rental value (of $65.00 per month) up to the date of the judgment, plus double such rental value for each month thereafter, until possession was delivered to plaintiffs. It is from this judgment that this appeal is taken. The trial court never ruled on the motion for new trial and it was, therefore, overruled by operation of law ninety days after March 19, 1969, the date on which it was filed, which date was subsequent to the date of the second judgment.

██ Defendants contend that the trial court was without authority to hear additional evidence, to set aside its previous judgment and to enter a new judgment because such action was taken more than thirty days after the rendition of the original judgment (March 4, 1969). They contend that the additional evidence heard by the trial court cannot be considered in determining the sufficiency of the evidence to support the money judgment and that the evidence at the original trial was not sufficient to support such aspect of the judgment. Defendants rely on Civil Rule 75.01, V.A.M.R., in support of this position. This rule limits the trial court's authority to vacate, reopen, correct, amend or modify a judgment to a period of thirty days after rendition. We agree with defendants that this rule does not authorize the action taken by the trial court in the case at bar. However, the defendants ignore the fact that this was a court tried case. Civil Rule 78.01, V.A.M.R., specifically provides as to such cases that: "On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact or make new findings, and direct the entry of a new judgment." The action of the trial court in the case at bar was in strict compliance with this provision of the rule. See Krummel v. Hintz, Mo.App., 222 S. W.2d 574, and Ruckman v. Ruckman, Mo. App., 337 S.W.2d 100. We, therefore, hold that such action was proper; that the evidence heard was properly considered by the trial court in determining the rental value of the premises and is sufficient to support this aspect of the judgment. Defendants, in their brief, admit that if this later testimony is considered, the evidence is sufficient to support the monetary portion of the judgment.

██ As to the right to possession, the evidence of plaintiffs (which was believed by the trier of facts) clearly established a tenancy for a specific period of two months. At the end of such two months period, defendants' right to possession of the apartment ceased by the terms of the agreement. Under such circumstances, Section 441.070, R.S.Mo. 1969, V.A.M.S., provides that no notice to quit shall be required. This statute reads: "No notice to quit shall be necessary from or to a tenant whose term is to end at a certain time * * *" This statutory provision is clearly applicable to the case at bar. See Ray v. Blackman, 120 Mo.App. 497, 97 S. W. 212; Vanderhoff v. Lawrence, Mo. App., 201 S.W.2d 509; and Bess v. Griffin, Mo.App., 234 S.W.2d 978. Defendants' term ended at the end of the two month period without any notice from plaintiffs and as of that time, plaintiffs were entitled to possession of the apartment. Under such circumstances, defendants are guilty of unlawful detainer, see Section 534.030, R.S.Mo. 1969, V.A.M.S., and plaintiffs are entitled to judgment for possession and double rent. Section 534.- 330, R.S.Mo. 1969, V.A.M.S.

██ Defendants contend that, because there are certain discrepancies as to dates between the cause of action pleaded and plaintiffs' testimony, the evidence is not

sufficient to support the judgment. This does not follow. This action began in a magistrate court and preciseness and nicety of pleading is not required in such courts. The petition was amended in the circuit court by adding several paragraphs thereto. As amended, the petition pleads in the alternative a holding-over after a specific term and also a disseisin without force. The pleadings are inartfully drawn but we do not believe that the alleged difference in dates between the pleading and the proof is so material as to render the evidence insufficient to support the verdict. After a careful consideration of the petition as filed in the magistrate court and as amended in the circuit court, we conclude that it is sufficient to state a cause of action.

The judgment is therefore affirmed.

All concur.