Lois Marilyn REEVES,
Petitioner–Appellant,

v.

Lawrence Leroy REEVES, Respondent.

No. 15469.

Missouri Court of Appeals,
Southern District,
Division Two.

April 13, 1989.

John S. Pratt, Pratt & Fossard, Springfield, for petitioner-appellant.

Robert S. Wiley, Crane, for respondent.

MAUS, Judge.

In this dissolution action marital property valued at $576,278 was awarded to the petitioner wife. She was awarded maintenance of $500 per month until she remarries, dies or attains her 62nd birthday. Marital property valued at $566,946 was awarded to respondent husband. The husband was ordered to support the college-age daughter of the parties. The wife states five points on appeal. Only a brief summary of the facts is necessary for the consideration of those points.

The wife is 52 years old. The husband is 55 years old. They were married in 1952 in Iowa. They were the parents of five children. At the time of trial, four children were emancipated. The youngest child, a daughter, was in college.

In 1967 the parties moved to Missouri. They bought and for several years operated a motel on Table Rock Lake. Within a few years the husband also established a plumbing business, his former occupation in Iowa. After a few years the parties sold the motel.

The husband continued to operate the plumbing business. This business included work as a plumbing contractor on several projects in the Table Rock Lake area. He

worked an average of 60–80 hours per week. The wife assisted by keeping the books for the business. The parties accumulated substantial investments. A major asset was a one-fourth interest in a 311–acre lake-side subdivision. Their investments included certain tax shelters. They had a number of speculative investments.

During the marriage the husband had three affairs. The wife confronted the husband over the last relationship. In April of 1985 the husband left the marital home to live with his paramour. He continues to operate the plumbing business. He plans to retire in a few years. The wife no longer works in the business. She is not otherwise employed. She has no plans to work.

■ The wife's first point is that the trial court abused its discretion in awarding her maintenance of only $500 per month. She contends she should be awarded $2,288.58 per month. She bases this contention on the husband's ability to pay and the fact her itemized estimate of her monthly expenses totalled that amount. A spouse's ability to pay is a factor to be considered in fixing the amount of maintenance. § 452.335.2(8). However, that factor is to be considered with "[t]he financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently...." § 452.335.2(1).

The trial court did not act arbitrarily. It observed the wife's estimate of annual expenses included "$2,496.00 for a new car every 2–3 years, $1,900.00 for gifts, $2,000 for an annual IRA contribution, $1,200.00 travel, and $1,500.00 annually for 'Art supplies/classes.'" She also estimated she would spend $160 per month for gasoline. The court concluded "her request for $2,288.58 per month neither [sic] realistic and is grossly excessive." The property awarded the wife includes interest-bearing notes valued at $182,189, current funds and tax refunds of $15,668 and a one-eighth interest in the 311–acre operating subdivision valued at $62,000. The trial court determined $500 per month would allow the wife to maintain her standard of living and

not substantially deplete her assets. This was a very careful exercise of its discretion and the trial court did not err in fixing maintenance.

■ The wife's second point is that the trial court erred in terminating maintenance of $500 per month when she is 62 years old. She argues this is improper because it is based upon speculation concerning conditions at that time. Awards of maintenance for a predetermined limited period are to be viewed with caution. *Hutchins v. Hutchins,* 687 S.W.2d 703 (Mo. App.1985). The considerations involved are thoroughly and adroitly reviewed in *In Re Marriage of Powers,* 527 S.W.2d 949 (Mo. App.1975). The applicable law was summarized. "[A]wards of limited duration should not be based on speculation as to the future conditions of the parties. Awards of limited duration are entirely proper where the trial court has before it evidence of some impending change in the financial conditions of the parties or at the least some reasonable expectation that such a change will occur." *Id.* at 956.

For a number of years the plumbing business had contributed to a retirement plan. On August 31, 1986, the parties had vested interests in the fund which would pay each of them monthly benefits upon retirement. By virtue of a "Qualified Domestic Relations Order", 29 U.S.C. Ch. 18 § 1056, the vested interests of the parties in the fund on that date were in effect equalized. Upon attaining her normal retirement age under that plan the wife will receive $1,346.58 per month. In addition, at age 62 the wife will be eligible for substantial social security payments as a "divorced spouse." 70A Am.Jur.2d Social Security and Medicare §§ 332–335 (1987). The trial court had before it evidence of impending favorable changes in the financial condition of the wife and the award of maintenance for a limited duration was not an abuse of discretion. *Cf. Russell v. Russell,* 740 S.W.2d 672 (Mo.App.1987); *In Re Marriage of Witzel,* 727 S.W.2d 214 (Mo. App.1987).

■ By her third point the wife contends the trial court erred in dividing the

marital property by distributing an undivided one-half interest in 36 items of property rather than distributing these items in specie. She argues this co-ownership is unnecessary and will result in her "unwanted and unrequited" contact with the husband.

It is a general rule

a division which leaves the parties tenants in common of personal property susceptible to division in kind should be avoided in the interest of preventing the unnecessary extension of disputes and ill feeling. Although resort to such device with respect to real estate probably should not be absolutely precluded, again a tenancy in common solution should be reserved for the unusual situation where the economics involved call for such a solution.

*Davis v. Davis,* 544 S.W.2d 259, 264 (Mo. App.1976). However, a distribution of undivided interests is not always erroneous. *Murray v. Murray,* 614 S.W.2d 554 (Mo. App.1981). There are several reasons why the wife cannot prevail in establishing the distribution referred to in her third point was improper.

Nine of the items she refers to are intangible assets of such a nature they can be divided into separate ownership by a check or a withdrawal or the surrender of a certificate.

One item is three lots sold to the parties' daughter. The wife suggests no way this item could be divided into separate ownership. Another item is three time share units in a resort in Arkansas. There is no indication these units were readily salable. The wife does not demonstrate why the economics involved do not call for co-ownership. *Murray v. Murray,* supra.

Moreover, there is an underlying reason why she cannot successfully invoke the above general rule. The parties commendably prepared a detailed list of their assets. This list included the distribution each party proposed of each of those assets. Twenty-four items referred to in the third point were promissory notes payable to the parties. The other item not previously referred to was an annuity. The distribution of these items suggested to the trial court

by the husband *and by the wife* was "50/50." It is fundamental the wife cannot establish error because the trial court followed a procedure she proposed. *In Re Marriage of Richardson,* 540 S.W.2d 227 (Mo.App.1976).

The wife's final two points involve the distribution of the plumbing business building to the husband. Those points have the following background. The parties owned a tract of 41 acres. It is located on or near Table Rock Lake. The lake may be viewed from the tract. It is suitable for the development of a subdivision. The parties built their home on the tract. They also built a shed-type building for the plumbing business. It has no water. It is used primarily for storage of materials and vehicles.

The court found the following parts of the tract to have the following values: the home and two acres—$125,000; the building and one acre—$5,750; and the remaining 38 acres—$52,500. Those values are supported by the evidence. The trial court distributed the building and one acre to the husband. The home and remaining 40 acres were distributed to the wife.

A lengthy hearing was held February 18, 1986. Thereafter, on the application of the wife the trial court reopened the case for further discovery and presentation of evidence. Then on September 29, 1987, the trial court signed and filed its "Memorandum Opinion". That opinion set forth the findings and orders customarily included in a dissolution decree. It ordered distribution of the marital property as noted in this opinion. It further directed the husband to cause a survey to be made to fix the boundaries of the one-acre plumbing shop tract. It concluded, "Counsel for respondent is directed to prepare a formal judgment and decree in accordance with the Courts [sic] findings in this Memorandum Opinion whose provisions shall be incorporated by reference therein."

Twenty-three days later, on October 23, 1987, the wife filed a motion to reconsider and amend the decree. This was followed by a "Decree of Dissolution of Marriage". The decree is stamped filed October 28, 1987. Inexplicably it is dated October 30,

1987, and the docket shows it to have been filed on November 2, 1987. The decree contains suitable recitals and incorporates the provisions of the Memorandum Opinion. In addition it expressly restates in the language of a decree the dissolution of the marriage, provision for maintenance and distribution of the property of the parties. It repeats the direction to the husband to survey the one-acre tract. On November 2, 1987, the wife filed her notice of appeal. However, it should be noted the cause was not submitted to this court for decision until January 3, 1989.

■ The wife's fourth point is:

The trial court erred … in determining that September 29, 1987, … was the date from which the time periods for filing post trial motions were to be calculated … in that the appellant's post-trial motions were filed … more than 15 days after entry of the 'Memorandum Opinion', and as such were not accorded the weight, consideration and deliberation of a 'timely' filed post-trial motion.

In argument she characterizes the motion as one to reopen the case and take additional testimony under Rule 78.01. This is demonstrated by her argument the trial court erred in refusing to rule on the motion.

The point has no factual or legal basis. Her statement the trial court refused to rule upon the motion is absolutely without support in the record. The characterization of the motion as a motion to reopen and receive additional evidence is a legal misnomer. The motion prays the court to reconsider and amend its decree in six respects. Those include an award of a greater share and the plumbing shop to the wife. The motion was accompanied by an affidavit that because of the nearness of the shop to the home, the award of the shop to the husband was very offensive to the wife and would result in the loss of value to the remaining 40 acres. The affidavit was accompanied by pictures to demonstrate location of the home and shop. However, there is no prayer to reopen the case. The affidavit was merely an ineffective attempt to place additional evidence before the court.

The motion was, as stated in the point and established by its terms, purportedly an after-trial motion to amend or for a new trial or both authorized by Rule 73.01(a)(3).

The wife states she filed the motion before the decree was entered because of the possibility the memorandum opinion was a final judgment. Nevertheless, because of the direction to the husband's attorney to prepare a formal decree, she concludes that the decree was the final judgment. She is correct in this contention. It is obvious that the trial court and the parties did not contemplate that the memorandum opinion was final.

It is said: 'An order merely directing or authorizing the entry of judgment in the case does not constitute a judgment; to have this effect it must be so worded as to express the final sentence of the court on the matters contained in the record and to end the case at once, without contemplating any further judicial action.' 49 C.J.S. Judgments § 5, p. 30. We construe the order of January 18th as being only an order authorizing entry of a judgment. It was not 'so worded as to express the final sentence of the court on the matters' submitted as was true in *Woods v. Cantrell* [356 Mo. 194, 201 S.W.2d 311 (1947)]. …

*Campbell Sixty–Six Express, Inc. v. Dalton,* 378 S.W.2d 558, 560 (Mo.1964). Also see *Grantham v. Shelter Mutual Insurance Co.,* 721 S.W.2d 242 (Mo.App.1986).

However, this fact does not aid the wife. If the decree was the final judgment, as a motion under Rule 73.01(a)(3), the motion in question was premature. Even if it is treated as a premature notice of appeal (as is the wife's notice) and considered to have been filed when the judgment was entered (see *State ex rel. Nilges v. Rush,* 532 S.W.2d 857 (Mo.App.1975)) it has been overruled by the lapse of time. *Jones v. Chrysler Corp.,* 731 S.W.2d 422 (Mo.App.1987). Even considered as an after-trial motion to reopen, it has likewise been overruled. "Any authorized after-trial motion not passed on at the time the motion for a new trial is determined shall be deemed over-

ruled as of the same date." Rule 81.05(a). The wife's fourth point is denied.

■ The wife's final point is that the trial court erred in awarding the plumbing shop and one acre to the husband. She first argues this was error because it would permit the husband to intrude into her life and his misuse or sale of the property could result in a nuisance to her and reduce the value of her 40–acre tract. The character of the 41–acre tract and the location of the improvements were before the trial court. The husband testified the plumbing shop was necessary to his business. The wife acknowledged that he needed the building. She did not by her testimony to the trial court express the objection she now relies upon. When asked at trial if the residence "necessarily" included the shop building, Mrs. Reeves merely stated: "It would be nice to get all of that, but the house and some acreage that it sits on would be—I need that." She concedes the absence of evidence of her objection to such an award by her ineffective attempt to first express such an objection by a post-hearing affidavit. There was evidence to support the award of the plumbing shop and one acre to the husband. The trial court did not abuse its discretion in doing so. *Ederle v. Ederle,* 741 S.W.2d 883 (Mo.App.1987).

■ The wife's final argument is that the award of the shop and one acre to the husband is erroneous because the judgment does not adequately describe that property. This argument has merit. *Engelland v. LeBeau,* 680 S.W.2d 435 (Mo. App.1984). The direction that the husband cause the one-acre tract to be surveyed is not sufficient to award any specific acre to him. "[W]here the judgment, or even the evidence, fails to locate and describe the land in litigation with sufficient certainty, the cause may be reversed and remanded to the circuit court with directions to take evidence on that question, and to have a survey made if necessary." *Tillman v. Hutcherson,* 348 Mo. 473, 154 S.W.2d 104, 110 (1941).

'[T]he description thereof must be sufficiently definite to enable the sheriff of the county in which it is located, to locate the land therefrom.' ... If we conclude the description is insufficient, we remand the proceedings for further evidence on that question and for a survey, if necessary. *Tillman v. Hutcherson,* 348 Mo. 473, 483, 154 S.W.2d 104, 110....'

*Mann v. Mann,* 193 S.W.2d 492, 494 (1946) (citations omitted). Also see *Tripp v. Harryman,* 613 S.W.2d 943 (Mo.App.1981); *Allen v. Smith,* 375 S.W.2d 874 (Mo.App. 1964).

The cause is remanded to the trial court for the purpose of the husband presenting for the consideration of the court a survey of a one-acre tract upon which the plumbing shop is located. The trial court shall receive that survey and may receive other evidence to establish the legal description of the one-acre tract awarded to the husband and amend its judgment accordingly. *Cf. Flach v. Flach,* 645 S.W.2d 718 (Mo. App.1982). The judgment of the trial court is otherwise affirmed.

FLANIGAN, P.J., and HOGAN, J., concur.