In re the MARRIAGE OF Roger Clayton WARDLAW and Julie Ann Wardlaw.

Roger Clayton WARDLAW, Respondent,

v.

Julie Ann WARDLAW, Appellant.

No. 17034.

Missouri Court of Appeals,
Southern District,
Division One.

May 22, 1991.

Donald E. Sotta, Sotta & Crane, Joplin, for appellant.

Robert W. Evenson, Evenson, Carlin & LePage, Pineville, for respondent.

CROW, Judge.

Julie Ann Wardlaw ("Julie") appeals from an amended decree dissolving her marriage to Roger Clayton Wardlaw ("Roger"). The decree awarded Roger "primary" custody of the only child of the marriage: Bethany Ann Wardlaw, born January 28, 1988.

Julie presents two points relied on, each of which raises procedural issues regarding the trial court's receipt of evidence after entering an initial dissolution decree. As Julie does not challenge the sufficiency of the evidence, in the aggregate, to support the amended decree, we recite only the facts necessary to resolve the procedural questions.

The case was tried March 15, 1990.

The trial court entered a decree of dissolution of marriage March 21, 1990. Among other things, the decree awarded custody of Bethany to the parties "jointly," with Julie having "primary custody" and Roger having "secondary custody" per a plan spelled out in the decree.

On March 23, 1990, Roger filed a "Motion for New Trial or in the Alternative, for Reconsideration of the Judgment." The motion averred the trial court erred in awarding custody of Bethany to Julie in that the evidence demonstrated it would be in Bethany's best interest to remain in Roger's custody. The motion called the trial court's attention to evidence that, according to Roger, supported his contention. The motion prayed the trial court to "recon-

sider its Judgment as to the primary custody of the child and enter a new Decree awarding primary custody of the child to ... Roger."

The trial court set Roger's motion for hearing May 10, 1990. Roger and his lawyer appeared in the trial court that date, as did Julie's lawyer. Roger's lawyer announced he wanted to present evidence.

Without objection by Julie's lawyer, Roger's lawyer presented testimony from three witnesses. While Roger's lawyer was adducing testimony from a fourth witness, Julie's lawyer voiced this objection:

"Your Honor, before we go too much further, I'm going to have to object. This is completely outside the pleading of—on his motion for a new trial. This so-called additional evidence, he hasn't pled any of this stuff. He asked the Court to reconsider his decision in light of the evidence that was given here, during the trial. He has not pled that there's new evidence or evidence that was beyond his knowledge at the time of the trial, which is what it takes to add additional evidence. So at this point I want to object to this type of testimony."

The trial court overruled the objection.

Roger's lawyer thereupon adduced further testimony from the fourth witness, then presented testimony by three additional witnesses, the last of whom was Roger. At the conclusion of the presentation, the trial court addressed Julie's lawyer: "Do you have anything you'd like to offer ...?"

Julie's lawyer replied, "No, Your Honor."

The trial court took Roger's motion under advisement, and on May 24, 1990, entered the amended decree referred to in the first paragraph of this opinion.

Julie's first point:

"The [trial court] erred in permitting [Roger] to present testimony without furnishing prior notice of his intent to do so at the hearing on [his] Motion for New Trial, or in the Alternative, Reconsideration of the Judgment under Rule 73.-01(a)(3) because [Roger's] Motion did not request reopening the judgment or pre-

sentation of evidence under Rule 78.01 or state that a ground for his motion for new trial or reconsideration was newly discovered evidence under Rule 78.05."

Rule 73.01,[1] referred to in Julie's first point, reads:

"(a) In cases tried without a jury ...:

....

(3) Not later than 15 days after the entry of judgment, a party may, but need not, file a motion for new trial or a motion to amend the judgment and opinion, or both."

Rule 78.01, also referred to in Julie's first point, reads:

"The court may grant a new trial of any issue upon good cause shown. A new trial may be granted to all or any of the parties and on all or part of the issues after trial by jury, court or master. *On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact or make new findings, and direct the entry of a new judgment.*" (Emphasis added.)

Before addressing Julie's first point, we note an alert reader, mindful of Rule 75.-01,[2] might question whether the trial court had power to enter the amended decree more than 30 days after entering the initial decree.

That question is answered by *Cook v. Cureatz,* 466 S.W.2d 133 (Mo.App.1971), a case remarkably similar to this one. There, judgment was entered for the plaintiffs March 4, 1969, in a judge-tried case. The defendants filed a motion for new trial March 19, 1969. Thereafter, at the request of the plaintiffs, the trial court received additional evidence, set aside the judgment, took the case under advisement, and on June 2, 1969, entered a new judgment for the plaintiffs. On appeal, the defendants, citing Rule 75.01, argued the trial court was without authority to hear additional evidence, to set aside the first judgment, and to enter the new judgment, as this was done more than 30 days after rendition of the first judgment. The appellate court said:

"[T]he defendants ignore the fact that this was a court tried case. Civil Rule 78.01 ... specifically provides as to such cases that: 'On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact or make new findings, and direct the entry of a new judgment.' The action of the trial court in the case at bar was in strict compliance with this provision of the rule. [citations omitted] We, therefore, hold that such action was proper; that the evidence heard was properly considered by the trial court in determining the rental value of the premises and is sufficient to support this aspect of the judgment." 466 S.W.2d at 135[1].

Rule 78.04 provides that if a timely motion for new trial is filed, the judgment is not final until disposition of the motion. Rule 78.06 provides that if a motion for new trial is not passed on within 90 days after it is filed, it is denied for all purposes. The effect of these rules is that a trial court has 90 days to act on a timely motion for new trial. *State ex rel. Stoffer v. Moore,* 628 S.W.2d 637, 643[2] (Mo. banc 1982); *Gorzel v. Orlamander,* 352 S.W.2d 675, 677–78[1] (Mo.1961); *Southwestern Bell Telephone Co. v. Buie,* 758 S.W.2d 157, 162–63 (Mo.App.1988).

The prayer in Roger's motion that the trial court reconsider the custody provision in the initial decree does not render Rule 78.01 inapplicable. A motion for reconsideration is treated as a motion for a new trial in a court-tried case. *Eureka Pipe, Inc. v. Cretcher–Lynch & Co.,* 754 S.W.2d 897, 899[3] (Mo.App.1988).

---

1. Rule references are to Missouri Rules of Civil Procedure (1990).

2. Rule 75.01 reads: "The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time...."

■ The cases and rules discussed above demonstrate the trial court had authority to receive evidence at the hearing on Roger's motion and to enter the amended decree.

Having determined that, we turn to Julie's first point. It sets forth two reasons the trial court allegedly erred in allowing Roger to present evidence on his motion. The first is that the motion "did not request reopening the judgment or presentation of evidence under Rule 78.01." In support of this attack, Julie cites *Reeves v. Reeves*, 768 S.W.2d 649 (Mo.App.1989).

That case does not aid Julie. There, a party filed a motion to reconsider and amend a decree in six respects. The motion was accompanied by an affidavit and pictures, but contained no prayer to reopen the case. On appeal, the party characterized the motion as one to reopen the case and take additional testimony under Rule 78.01, and argued the trial court erred by refusing to rule on it. This Court disagreed, holding the motion was an ineffective attempt to place additional evidence before the trial court. *Id.* at 653. Unlike the instant case, nothing in *Reeves* indicated the moving party ever asked the trial court to hear additional testimony.

Here, when the trial court took up Roger's motion, his lawyer requested permission to present evidence. Without objection by Julie's lawyer, the trial court heard three witnesses and part of the fourth's testimony. Only then did Julie's lawyer object.

■ No claim of error may be considered by an appellate court in a civil appeal unless it was presented to and decided by the trial court. *Ohlendorf v. Feinstein*, 636 S.W.2d 687, 690[3] (Mo.App. 1982); *Villaume v. Villaume*, 564 S.W.2d 290, 297[3] (Mo.App.1978). Where evidence is received without objection, no complaint regarding its admission is preserved for appellate review. *Reger v. Nowotny*, 226 S.W.2d 596, 598[8] (Mo.1950); *C & M Developers, Inc. v. Berbiglia*, 585 S.W.2d 176, 187[13] (Mo.App.1979). Accordingly, Julie cannot predicate error on the trial court's receipt of evidence prior to her lawyer's objection.

■ Regarding the evidence adduced after the objection, we note Julie's lawyer never claimed he was surprised by any of it, nor did he request time to prepare for rebuttal or to assemble countervailing evidence. In these circumstances, we cannot convict the trial court of reversible error in receiving evidence after the objection.

■ We likewise reject Julie's contention that because Roger's motion failed to aver there was "newly discovered evidence," the trial court erred in receiving the evidence. Nothing in Rule 78.01 restricts a trial court to "newly discovered evidence" when such court receives additional testimony as authorized by that rule. Julie's first point is denied.

■ Her second point maintains the admission of testimony at the hearing on Roger's motion was an abuse of the trial court's discretion in that the motion "did not show (1) the evidence only recently came to [Roger's] knowledge, (2) due diligence would not have uncovered the evidence sooner, (3) the new evidence is so material it would probably produce a different result, (4) the new evidence is not cumulative, and (5) the object of the evidence is not to impeach the character or creditability of the witness."

In all four cases Julie cites in support of this point, the trial court refused to grant a motion for new trial on the ground of newly discovered evidence. Those cases are patently inapposite. The issue here is not the refusal (or the grant) of a new trial. Here the trial court merely received additional testimony and entered an amended decree, as specifically authorized by Rule 78.01. As observed earlier, nothing in that rule requires evidence heard thereunder to be newly discovered. Julie cites no case establishing such a requirement. Her second point is denied.

The decree of dissolution of marriage is affirmed.

MAUS, P.J., and PREWITT, J., concur.