Elenore OESTERLE,
Petitioner/Respondent,

v.

Hans Joachim OESTERLE,
Respondent/Appellant.

No. 57281.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 9, 1990.

James R. Hanlin, Clayton, and John Bleckman (Co-counsel), St. Louis, for respondent/appellant.

Charles P. Todt, St. Louis, for petitioner/respondent.

KAROHL, Judge.

Husband appeals July 1989 temporary maintenance order and attorney's fees award in wife's favor. The trial court awarded wife $1,000 per month temporary maintenance and $2,000 attorney's fees. On appeal husband asserts the awards are excessive under §§ 452.315 and 452.335 RSMo 1986 because of wife's ability to support herself and the maintenance award

is 80% of husband's net income. We affirm.

The parties married on November 10, 1979. They separated in October 1988 when husband moved out. Wife petitioned for divorce and husband subsequently cross-petitioned. The couple had no children.

During the marriage, wife worked as a banquet coordinator. In 1986 wife became unemployed. Aside from occasional house cleaning and bartending, wife remains unemployed and has no other income. Husband works as a photogrammetrist. His gross income for 1988 equalled $24,094. Wife occupies the marital home while husband rents an apartment.

In his first point on appeal husband claims: "THE COURT ABUSED ITS DISCRETION BY ORDERING APPELLANT $1000 PER MONTH TO RESPONDENT AS TEMPORARY MAINTENANCE." This point does not state wherein and why the trial court erred and abused its discretion. Rule 84.04(d); *Thummel v. King,* 570 S.W.2d 679, 685 (Mo. banc 1978). However, he argues the award was excessive because it amounts to 80% of his regular net income.

■ Section 452.315 RSMo 1986 authorizes an award of temporary maintenance only if there is proven need. The court must consider the factors enumerated in § 452.335 RSMo 1986 in making its decision. The trial court's discretion in awarding temporary maintenance and attorney's fees pendente lite is broader than at the marriage dissolution hearing. *Breitman v. Breitman,* 632 S.W.2d 494, 495 (Mo.App. 1982). We will uphold the trial court's order of temporary maintenance unless there is no substantial evidence to support it or unless it erroneously declared or applied the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Wife testified she has some income. She cleaned houses seven times since the October 1988 separation for $40 per day. Wife has the opportunity to clean two hous-es six times a month when she is able. In addition, wife tends bar once every four to six weeks at banquets for $30 a night. At best, wife's income is $270 a month. However, wife's income is not certain due to health problems. There is evidence that wife has been hospitalized on at least two occasions for mental and physical conditions. Her expenses of $1,416 per month include a $526 monthly payment on the jointly owned home. Wife is without income producing property to provide for her reasonable needs and is unable to support herself through employment.

Husband's gross wages are $2,007 per month. Husband's expenses are $1,565 per month. In addition to his regular salary, husband worked overtime in 1988. His net monthly income was $1,612.05. Husband has $612.05 per month to meet his expenses after he pays wife $1,000 temporary maintenance. Although husband pays wife $1000 a month, half or $263 of the monthly house payment made by wife accrues to husband's benefit. Wife has $474 per month to meet her expenses after the $526 house payment is subtracted from her $1,000 award.[1]

■ The purpose of a temporary maintenance award is to maintain the status quo pending final judgment. *Mackey v. Mackey and Assocs., Inc.,* 677 S.W.2d 349, 351 (Mo.App.1984). The maintenance award appears to do so. Accordingly, the trial court did not abuse its broad discretion in apportioning the limited income available by awarding wife $1,000 per month temporary maintenance. After the house payment by wife the parties are left with approximately equal funds. Neither will be able to pay all their claimed expenses.

■ Husband's second point of error is the trial court erred in granting wife $2,000 attorney's fees because wife intentionally put herself in a position where she could not pay her own fees. The evidence shows wife was unemployed more than two years before the separation. Wife received unemployment compensation for six

---

1. During oral argument wife's counsel informed this court she was committed to making the house payment from the temporary maintenance award. She lives in the house.

months thereafter. Wife was unable to find full time employment in her previous occupation, waitressing and catering for restaurants. Wife now cleans houses and bartends when she is able to work. This evidence did not require a finding wife intentionally put herself in a reduced financial position. An award of attorney's fees will be set aside only when the trial court abuses its discretion. *Roth v. Roth,* 760 S.W.2d 616, 619 (Mo.App.1988). The record shows no abuse of discretion. Point denied.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.