**Elizabeth Ann BOUDREAU,**
**Petitioner/Respondent,**

v.

**James Martin BENITZ,**
**Respondent/Appellant.**

No. 59533.

Missouri Court of Appeals,
Eastern District,
Division One.

March 10, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
April 20, 1992.

Blair Kenneth Drazic, Creve Coeur, for respondent/appellant.

Greg Louis Roberts, Alan Agathen, Clayton, for petitioner/respondent.

REINHARD, Presiding Judge.

Father appeals from an order modifying a dissolution decree and increasing his child support obligation. We affirm as modified.

The parties were divorced in May of 1982. There were two children of the marriage, James Michael Benitz (Michael), born September 6, 1975, and Julia Elizabeth Benitz (Julia), born July 25, 1977. Initially, mother was awarded custody of both children and $225.00 per month per child in child support. A subsequent modification order in April 1989 raised the child support to $420.00 per month per child.

The present action began when father filed a motion to modify in August 1989, alleging a substantial and continuing change in circumstances.[1] Mother filed a cross-motion to modify on February 21, 1990. The motions were heard on September 27–28 and October 10, 1990. Both parties testified and extensive exhibits were

entered into evidence. The court issued findings of fact and conclusions of law. It entered an order finding that a substantial and continuing change in circumstances had occurred [2] and making various rulings on custody, visitation, and child support issues.

The sole provision of the order at issue on appeal requires father to pay $800 per month child support for Michael. Father was awarded custody of Julia. Mother was not ordered to pay child support for Julia. Mother was awarded the federal tax deduction for Michael and father the tax deduction for Julia. The court found that father's monthly income was $12,255.64 and mother's $2,800; father's net worth was found to "far exceed" mother's.[3] The court found the Child Support Guidelines of Rule 88.01 and Civil Procedure Form 14 to be inapplicable. The court further found Michael's reasonable and necessary monthly expenses to be $1,596; Julia's reasonable and necessary monthly expenses were found to be $572.

■ Our standard of review is supplied by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We must affirm the ruling of the trial court unless it is unsupported by substantial evidence, unless it is against the weight of the evidence, or unless it misstates or misapplies the law. *Id.* at 32; *Mehra v. Mehra*, 819 S.W.2d 351, 353 (Mo. banc 1991). We defer to the trial court's determinations of credibility, viewing the evidence and permissible inferences therefrom in the light most favorable to the trial court's order and disregarding all contrary evidence and inferences. *Mehra* at 353.

On appeal, father contends that the trial court erred in ordering the $800 per month in child support for Michael because it miscalculated his income. He also claims that the court erred in finding that Michael was

---

1. Father's amended motion was filed on August 22, 1990.

2. Among these circumstances were the return of Julia to father's physical custody, mother's move to Texas with Michael and her new husband, and changes in the parties' incomes and the children's expenses.

3. The resources and incomes of their respective new spouses were also taken into account, according to the court's order. Husband's new wife has an income from Benitz Electric, Inc. The court held that her services were worth $9,000 per year. Wife testified that her new husband's income is $42,000 per year.

in need of psychological expenses because they were "clearly mostly covered by insurance and any problem with calculating the portion not paid by insurance was caused by [mother's] failure to comply with discovery." He further contends that the court erred in including a $350 per month payment on a used Mustang convertible in the computation of Michael's needs and in deviating from the child support guidelines of Rule 88.01.

We find no abuse of discretion in the computation of father's income. All of father's complaints in this respect ignore the finding of the trial court, amply supported by the record, that:

> ... Benitz Electric, Inc. is a one hundred percent (100%) closely-owned corporation by James Benitz and his [new] wife, Diane Benitz. The Court further finds that all decisions of the corporation are made by [father] and his wife, Diane Benitz, and that the corporation is merely a "veil" for [father] who is an electrical repairman who generated practically all of the customers and business of Benitz Electric, Inc. That James Benitz has been in the repair of electrical machinery for many years.

The record indicates that Benitz Electric, Inc. was formed in March of 1989, just prior to the modification order of April 1989 which increased his child support obligation. The court found that father's testimony as to the nature and characteristics of the expenses incurred by Benitz Electric, Inc. was not credible. The court further found that father "failed to produce and prove that all of the foregoing expenses are business-related and not personal expenses for the purpose of calculating child support;"[4] and that the expenses indicated

on the corporate financial statements "and without supporting documents are in excess of the ordinary and necessary business expenses for this type of business as testified to and operating from father's basement for purposes of calculating child support." In addition, "[father] receives substantial benefits through his closely-owned corporation, Benitz Electric Co., in which he owns one hundred percent (100%) of the stock with his new wife." The court noted that "in accordance with the intent of Supreme Court Rule 88.01 significant employment-related benefits received by a parent may be assigned as income...."

The court also found that "any complaints as to problems in calculating [father's] earning capacity/income were caused by [father's] failure to comply with this Court's Orders of February 9, 1990, and September 19, 1990, and [Mother's] Interrogatories and Request for Production of Documents."[5]

The trial court therefore did not err in "piercing the veil" of Benitz Electric Inc. and attributing to father amounts listed as "retained earnings" and "loan from stockholder" (himself) on its corporate balance sheet. *Butler v. Butler*, 379 S.W.2d 175, 178 (Mo.App.1964). *See also Secor v. Secor*, 790 S.W.2d 500, 502 (Mo.App.1990); *Krajcovic v. Krajcovic*, 693 S.W.2d 884, 886–87 (Mo.App.1985). Nor did the court err in attributing to father a percentage equivalent to profit of large cash deposits placed in a corporate account during the months of July and August 1990 and not disclosed as required by discovery orders. Rule 61.01; *Pasternak v. Mashak*, 428 S.W.2d 565, 567 (Mo.1967), *cert. denied*, 390 U.S. 907, 88 S.Ct. 821, 19 L.Ed.2d 872

---

**4.** The court found that father "uses the corporation, Benitz Electric, Inc. to pay for and provide various personal expenses which he would otherwise have to draw a salary, pay tax on the salary, and purchase the same benefits with post-tax dollars." [sic]

**5.** The court found:

That [father] has deliberately failed to schedule numerous assets, motor vehicles and bank accounts on the Statements of Property filed with this Court and in Answers to Interrogatories Directed to [Father] by [Mother], signed

by [father] on February 8, 1990, (e.g. Petitioner's Exhibit "12" and Petitioner's Exhibit "13", Respondent's Statement of Property; I.R.A. accounts listed in 1989 joint tax return of [husband]—Exhibit "8"; Petitioner's Exhibit "14"—United Missouri Bank accounts; Petitioner's Exhibit "9"—Mercantile Bank accounts with each child and a joint account, James and Diane Benitz; and Benitz Electric, Inc. accounts at United Missouri Bank—Petitioner's Exhibit "3" and "4".)

(1968). Finally, the court did not err in disallowing a claim of depreciation.[6] *See* Form 14, "Directions for Use."

In computing the amount of child support to order, the court found that:

> ... the application of the child support guidelines would be unjust or inappropriate in this particular case after considering all relevant factors *because* the minor child, James Michael Benitz, has extraordinary needs for psychological treatments not factored into the guidelines of Supreme Court Rule 88.01, and the parties' earnings exceed the $10,000 combined monthly gross, family income figure contained in the guidelines. (Emphasis added.)

Rule 88.01 provides that:

> When determining the amount of child support to order, a court or administrative agency shall consider all relevant factors, including:
>
> **(a)** the financial resources and needs of the child;
>
> **(b)** the financial resources and needs of the parents;
>
> **(c)** the standard of living the child would have enjoyed had the marriage not been dissolved;
>
> **(d)** the physical and emotional condition of the child; and
>
> **(e)** the educational needs of the child. There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be ordered in any judicial or administrative proceeding for dissolution of marriage, legal separation, or child support. It is sufficient in our particular case to rebut

the presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is correct if the court or administrative agency enters in the case a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate. Rule 88.01. *See also* § 452.340, RSMo Cum.Supp.1990.

■ In this case, the court entered a specific finding rebutting the presumption that the amount calculated pursuant to Form 14 was the correct amount of child support. However, the court's statement that the guidelines do not apply when the parties' combined monthly incomes exceed $10,000 has been held to be a misstatement of the law in a recent Missouri Supreme Court opinion. *Mehra v. Mehra,* 819 S.W.2d at 353–55.

■ Furthermore, while the comments to the original guidelines make it plain that psychological expenses are "special needs" which may be added to the amount of child support initially suggested by the guidelines, they also make it plain that these expenses are only relevant when they "significantly exceed insurance reimbursement." *See* Comments to Child Support Guidelines, 735–36 S.W.2d Missouri Cases XL, XLIII (1987).[7] This is consistent with the general principle that an award of child support requires a showing of the actual expenses for the child at the time the determination is made. *Wiebusch v. Deke,* 762 S.W.2d 521, 524 (Mo.App.1988). In the present case, there is no substantial evidence in the record that the expenses significantly exceed reimbursable amounts.[8]

---

**6.** The court held:
> Depreciation was subtracted from [husband's] business expense as it is a non-cash item which is not actually paid. Further, there was no evidence adduced that any cash is reserved or applied for the replacement of depreciating assets of Benitz Electric, Inc. and further no depreciation expense was attributable to Diane Benitz.

This finding is also supported by the record.

**7.** While the accompanying comments to Form 14 are briefer and do not include the discussion of reimbursement in this context, we find no

indication that the court intended to reopen this issue.

**8.** This problem arose in large part because mother failed to comply with discovery orders for medical insurance records and all testimony as to past reimbursements was appropriately stricken by the court as a sanction. The determination of what amounts are reimbursable may also have been hampered by father's practice of refusing to submit past bills to his insurance carrier, which resulted in mother's inability to obtain reimbursement from her carrier as

Thus, the court erred in including $400 of psychological expenses per month (the amount prior to any reimbursement) in its computation of Michael's reasonable and necessary expenses.[9]

■ The court also misapplied the law in finding that a $350 per month payment toward Michael's used Mustang convertible (purchased from mother's mother) and $133 in related car insurance were reasonable and necessary expenses. Court-ordered child support is limited to the demonstrable needs of the child. *Heins v. Heins*, 783 S.W.2d 481, 483 (Mo.App.1990). There is no evidence to support a finding that this fifteen year old boy needs an automobile.[10]

■ With these amounts excluded from the court's computation of Michael's monthly needs, the combined needs of Michael and Julia do not exceed the amount specified in the child support guidelines for a family with two children earning $10,000 per month or more ($1550).[11] *See* Child Support Guidelines, 735–36 S.W.2d at XLI; *Mehra* at 354. The finding that the guidelines do not apply is therefore unsupported by substantial evidence.

■ We are empowered by Rule 84.14 to "give such judgment as the court ought to give. Unless justice otherwise requires, the court shall dispose finally of the case." Rule 84.14. In view of the long and bitter nature of this litigation, we exercise this power and apply the child support guidelines outlined in Form 14 pursuant to Rule 88.01. Form 14 permits the addition of "special needs" to the suggested amounts. These needs may include educational expenses such as tutoring, which the trial court found to be among Michael's needs.[12] *See* Form 14; Comments to Guidelines, 735–36 S.W.2d Missouri Cases at XLIII.

■ Using the $1550 combined needs figure from the chart accompanying Form 14 and applying father's share of the combined income of the two parties (81.4%), we arrive at a figure of $1,261.70 for his obligation for the two children. Adding on 81.4% of the tutoring expenses ($133 per month) produces an additional $108.26 per month for a total of $1369.96 per month. We attribute half of the $1550 of combined needs to Julia[13], whose entire need he is

a secondary insurer. However, the following testimony is in the record:

> Q. [FATHER'S ATTORNEY:] Does the insurance cover part of it?
> A. [MOTHER:] I do not know yet.
>
> \* \* \* \* \* \*
>
> A. [FATHER:] I don't see any psychological expense in here, but I don't know Mrs. Boudreau is incurring those expenses either because I think that's covered by her insurance.

While this evidence does not establish that the expenses *are* reimbursable, it points to the absence of substantial evidence that they are not and demonstrates that the weight of the evidence, such as it is, is against a finding that they are non-reimbursable.

9. This finding is in no way intended to discourage mother from getting Michael whatever help he needs. The evidence fully supported the need for counseling. Our holding is based solely on the absence of proof regarding the amount of the expense *after* any insurance reimbursement.

10. While there was evidence in the record that fifteen year olds are permitted to drive in Texas, we find nothing in the record to indicate that the vehicle is titled in Michael's name. The evidence did show that payments were being

deducted from wife's new husband's paycheck in the amount sought.

11. We use the figure from the chart for two children rather than one. While we find no explicit guidance on this issue in Rule 88.01 or Form 14, we note the statement in the Preface to the Child Support Guidelines published at 735–36 S.W.2d Missouri Cases at XLI that, "The Income Shares Model attempts to provide the child with the same proportion of parental income that he or she would have received if the parents lived together." For a detailed discussion of the Income Shares Model and the underlying economic evidence, *see* Williams, Development of Guidelines for Establishing and Updating Child Support Orders (National Center for State Courts: Denver, June 1985).

12. This finding was supported by substantial evidence and is not disputed on appeal.

13. We recognize that the court found that far more than half of the combined needs it computed by going outside the guidelines was attributable to Michael. However, since we have found that the court's stated grounds for not using the guidelines are unsupported by substantial evidence, we do not feel free to make that assumption. Moreover, Michael's special tutoring needs are added on separately, with the

supporting directly, so we subtract $775 from the $1369.96 to arrive at his remaining obligation of $594.96 per month. We therefore modify the trial court's child support order to $595 per month, retroactive to the date established by the trial court.[14] The judgment is in all other respects affirmed.

Judgment affirmed as modified.[15]

GARY M. GAERTNER and CRANE, JJ., concur.

result that $908 of total need is attributed to Michael and $775 to Julia. Most if not all of the remaining differential in the trial court's computation is due to the items we have held are not supported by the evidence (psychological expenses not shown to be unreimbursed; automobile; automobile insurance).

14. This amount represents an increase in his total support for the two children of more than 50% in little more than a year.

15. Rule 88.01, formulated in 1989 at the behest of § 452.340.7, RSMo Supp.1989, requires both parties to complete Form 14, which is a worksheet for calculating the "presumed child support amount." The completed forms are to be made part of the record. Here no form or forms were included in the legal file. An appellant seeking relief from a child support award without including these completed forms is doing so at his or her peril. *See Ibrahim v. Ibrahim,* 825 S.W.2d 391 (Mo.App. S.D.1992).