**Charles Dean SINCLAIR, Appellant,**

v.

**Kathryn Jo SINCLAIR, Respondent.**

**No. WD 45267.**

Missouri Court of Appeals,
Western District.

Aug. 18, 1992.

Michael J. Svetlic, Kansas City, for appellant.

Donald J. Lock, Gladstone, for respondent.

Before SHANGLER, P.J., and KENNEDY and SMART, JJ.

SMART, Judge.

At issue in this dissolution case is whether, in a split custody case, the trial court must require the utilization of Civil Procedure Form 14 pursuant to Rule 88.01, and make specific findings in regard thereto, before awarding child support. The trial court here found that the use of Form 14 would not be appropriate in a split custody case, but failed to consider the Form 14 calculations in connection with such determination. This court reverses that part of the decree awarding child support to wife in the amount of $250.00 and remands the case with instructions to utilize Form 14 as specified in Rule 88.01 and to make specific findings after consideration of the calculations.

As additional points on appeal, Mr. Sinclair contends that the court erred in its handling of sums of money expended by Mrs. Sinclair during the separation of the parties. This court holds that the trial court did not err in dividing the marital property. Mr. Sinclair also argues that the court erred in awarding maintenance because there was no substantial evidence to support the award. Although this court finds the award of maintenance was supported by the evidence, the court will also vacate the award of maintenance so that upon remand, the trial court may reconsider both maintenance and child support, in the event the awards reflect any inter-relatedness.

Charles and Kathryn Sinclair were married twenty years ago. Three children were born from the marriage, ages 19, 15 and 5. The two oldest live with their father, and the youngest lives with Mrs. Sinclair. Mr. Sinclair earns $15.71 per hour. He reported earnings of $35,117.00 for 1990. Mrs. Sinclair has had several jobs during the marriage, all of very limited

duration. Currently, Mrs. Sinclair earns approximately $630.00 a month in net income. Mrs. Sinclair earned $5,846.00 in 1990.

The Sinclairs had a savings account which at one point reached $75,000.00. Prior to the separation, Mrs. Sinclair withdrew $40,000.00. Mrs. Sinclair later returned $5,000.00 to her husband in an effort to even the amount of savings between them. At the time of final separation, Mrs. Sinclair had $20,966.16. She testified she had spent $17,000.00 on "everyday items" and household expenses.

Mr. Sinclair testified at trial that his oldest son, Scott, had plans to attend Maple Woods Community College. His college expenses for the year are expected to equal approximately $2,354.00. Mr. Sinclair requested no child support from Mrs. Sinclair and requested that he be relieved of paying any support for daughter Kimberly, who remains in Mrs. Sinclair's custody. Mrs. Sinclair also requested no support be awarded, but sought maintenance in the amount of $1,000.00 per month.

The trial court awarded Mrs. Sinclair maintenance in the amount of $250.00 per month, and, contrary to the expectations of the parties, awarded child support in the amount of $250.00 per month. The court found the child support guidelines of Rule 88.01 and Civil Procedure Form 14 to be inapplicable in this case for the reason that child custody was split between the mother and father.

■ This court's standard of review is set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976). The trial court's decision must be affirmed unless it is unsupported by substantial evidence, against the weight of the evidence, or misstates or misapplies the law. *Id.* at 32. All of the evidence and any permissible inferences therefrom are viewed in the light most favorable to the trial court's decision and all contrary evidence and inferences are to be disregarded. *Mehra v. Mehra*, 819 S.W.2d 351, 353 (Mo.banc 1991).

*The applicability of Form 14
in split custody cases*

■ As his first point on appeal, Mr. Sinclair contends that the trial court erred in awarding Mrs. Sinclair child support for Kimberly when he retained custody of his two sons, one whom was preparing to attend college. Mr. Sinclair points out that no Form 14 was submitted to the court, and no finding was made as to the appropriateness of the calculation under Form 14. He contends that the failure to utilize Form 14 was a violation of Rule 88.01.

Mr. Sinclair is correct that the adjudication of child support awards is governed by Rule 88.01. *Gable v. Gable*, 816 S.W.2d 287, 291 (Mo.App.1991). Rule 88.01 provides:

> When determining the amount of child support to order, a court or administrative agency shall consider all relevant factors, including:
>
> (a) the financial resources and needs of the child;
>
> (b) the financial resources and needs of the parents;
>
> (c) the standard of living the child would have enjoyed had the marriage not been dissolved;
>
> (d) the physical and emotional condition of the child; and
>
> (e) the educational needs of the child. There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be awarded in any judicial or administrative proceeding for dissolution of marriage, legal separation, or child support.
>
> *It is sufficient in a particular case to rebut the presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is correct if the court or administrative agency enters in the case a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate* (emphasis added).

It has been repeatedly held that the terms of Rule 88.01 are to be mandatorily applied in all child support cases. *Campbell v. Campbell,* 811 S.W.2d 504, 506 (Mo. App.1991).

In the instant case, the trial judge found that Form 14 was inapplicable to divided child custody cases. Although Form 14 does not appear to be applicable to split custody cases (since it calls for data concerning the "custodial parent" and the "non-custodial parent"), it has been held that Form 14 must be completed in split custody cases as well as other cases. *Boudreau v. Benitz,* 827 S.W.2d 732 (Mo.App. E.D.1992). Rule 88.01 requires both parties to complete a Form 14 and the completed form is to be made part of the record.[1] *Behnke v. Behnke,* 829 S.W.2d 45, at 46 n. 5 (Mo.App.W.D.1992). The rule states that the trial judge must make a written or specific *finding* on the record that the *amount* calculated by application of Form 14 is unjust or inappropriate if he finds the calculated *amount* is not proper in a specific case. The trial judge here found that the use of Form 14 would be inappropriate, but failed to show that the *amount* which would have been determined pursuant to Form 14 had been specifically considered.

Since neither party sought child support below, the parties did not fully develop evidence of each child's necessary expenses (*e.g.,* day care costs for Kimberly). Also, neither party submitted a completed Form 14. Mr. Sinclair argues that two Form 14 applications should be submitted, one completed by each parent, and that they should be offset against each other. He further argues that his Form 14 should encompass Scott's projected college expenses.[2] However, *Boudreau* demonstrates that in a split custody situation, one Form 14 should be submitted on behalf of all the children involved; multiple Form 14 calculations are neither necessary nor proper. *Boudreau* 827 S.W.2d at 736 n. 11.

In utilizing the Form 14 in split custody cases, the column which is designated as that for the "non-custodial parent" should contain data related to one of the parents, while the column designated for the custodial parent should contain data related to the other parent. The child support obligation taken from the chart should be the figure for all of the children rather than for one. *Id.* The portion of the form calling for the custodial parent's reasonable work-related child care expenses should include expenses for both parents, if it is necessary for both to incur such expenses. Otherwise, it should include the expenses only of one parent, or none, as the case may be. The figures on line 7 (showing the child support obligation of each parent) should in each case be divided by the total number of children, and should be prorated according to the number of children in the

---

1. The Southern District held that a husband was precluded from challenging a child support award as a violation of Rule 88.01 where he had not submitted a Form 14 to the trial court as required. *Ibrahim v. Ibrahim,* 825 S.W.2d 391, 398 (Mo.App.1992). *Ibrahim* is distinguishable from the case at bar because in this case neither Mr. Sinclair nor Mrs. Sinclair were seeking child support, nor did either have notice that the court was contemplating an award of child support. Since Form 14 is to be submitted by the parties only when child support is requested, Mr. Sinclair is not precluded from charging the trial court with error in this case.

2. Form 14 has no provision for the consideration of college expenses. Comment B to Form 14 indicate that the drafters of the form did not intend for college or other educational expenses to be taken into account on the form itself, although it is clear such expenses may be factored into the award. The court in *Mistler v. Mistler,* 816 S.W.2d 241, 255 (Mo.App.1991), discussed college expenses by stating: "The presumed child support amount calculated according to Form 14 establishes a starting point from which a trial court may make adjudgments to accommodate a child's special needs, such as a college education." College expenses may be considered by the trial court, and may, in a given case, be a reason for departing from reliance upon the figures determined by Form 14. Upon remand in this case, the trial court may consider the matter of college expenses to the degree that he deems appropriate. If the court, upon remand, deems it appropriate to consider the college expenses, and wishes to factor them in on Form 14, he may do so provided he first considers the figures derived from Form 14 in its "pure" form, specifically finds that the amount so calculated would be unjust or inappropriate, and then 1) adopts the result of the modified Form 14, or 2) adopts other calculations he believes to be most just and appropriate based upon the circumstances of the case.

custody of the other party. The court may then offset the two amounts against each other, and award the net amount to the party entitled to receive the higher amount.

This court is unable, due to the inadequate record, to calculate the support award in this case.[3] Even if the court could calculate the amount of support, the trial judge would be entitled to review that support figure in the light of the circumstances of the case, in order to make specific findings as to appropriateness. For these reasons, the judgment for child support is reversed and the cause is remanded to the trial court to receive evidence (as necessary) and to make a specific determination of the Form 14 calculation, and to either adopt the Form 14 calculation or to make any specific findings concerning the injustice or inappropriateness of such calculation.

### The division of marital property

■ Mr. Sinclair's second point on appeal is that the trial court erred and abused its discretion in dividing the marital property by failing to consider funds allegedly squandered by Mrs. Sinclair. Mr. Sinclair claims that Mrs. Sinclair "squandered" $17,000.00, money taken from their joint savings account. Mr. Sinclair also sought to have the IRA (valued at $2,476.00) which Mrs. Sinclair liquidated included in Mrs. Sinclair's distribution of marital property. Mrs. Sinclair claims that she used the funds for "everyday items", specifically, food, clothing, entertainment, and a trip for Mrs. Sinclair and her mother to California to reward her mother for helping take care of Kimberly. Mr. Sinclair argues that the funds were marital property, and therefore, the trial court had a duty to award these marital assets to his wife, thereby reducing the distribution of marital property she would receive. He further claims that without receipts or other proof of such expenses, the court can only conclude that Mrs. Sinclair squandered the funds.

■ Mr. Sinclair correctly states that it is within the trial court's authority to order reimbursement of squandered funds, if there is substantial evidence that one spouse squandered marital property in anticipation of divorce. *See In re Marriage of Layton*, 687 S.W.2d 214, 216 (Mo.App. 1984); *Calia v. Calia*, 624 S.W.2d 870, 872 (Mo.App.1981). However, deference is given to the trial court on matters such as credibility of witnesses. *Mehra v. Mehra*, 819 S.W.2d 351, 353 (Mo.banc 1991). Furthermore, the trial court is given very broad discretion in dividing marital property and is not constrained by "rigid methods or mechanics." *Calia*, 624 S.W.2d at 872. The division of property need not be equal as long as it is just. *Id.* The burden is on the party challenging the property division to demonstrate the trial court's error in judgment. *Id.* Mr. Sinclair presented no evidence to show that Mrs. Sinclair squandered the funds in question. After both Mr. Sinclair's and Mrs. Sinclair's testimony had been presented, the trial court could have reasonably believed that Mrs. Sinclair did not squander the funds, but spent the funds on "everyday items." Upon consideration of the evidence contained in the record and the statutory factors contained in § 452.330, RSMo Supp. 1991, which sets forth the factors to be considered in determining marital property division, this court finds that the trial court did not err in dividing the Sinclairs' marital property. Mr. Sinclair's second point is denied.

### The maintenance award

■ Mr. Sinclair's last point on appeal is that the trial court erred and abused its discretion in awarding maintenance to Mrs. Sinclair. Mr. Sinclair argues that Mrs. Sinclair did not satisfy the two-prong requirement set forth in § 452.335, RSMo Supp. 1991, which provides that the trial court can award maintenance only if it finds that the spouse seeking maintenance (1) "[l]acks sufficient property, including marital prop-

---

3. The record does not reveal any evidence of any work-related day care costs for the five year old. Moreover, some of the data supplied the trial court was in the form of net income rather than gross income.

erty apportioned to him, to provide for his reasonable needs;" and (2) "[i]s unable to support himself through appropriate employment." Mr. Sinclair argues that Mrs. Sinclair fails this two part test and therefore, should not be awarded maintenance.

The trial court is granted broad discretion by § 452.335 in awarding spousal maintenance. *Stone v. Stone,* 725 S.W.2d 145, 147 (Mo.App.1987). The trial court implements a balancing test weighing the reasonable needs of the spouse requesting maintenance against the other spouse's ability to pay maintenance. *Id.* Appellate courts can only interfere with maintenance awards when the decree is "patently unwarranted or is wholly beyond the means of the spouse who pays maintenance." *McCallister v. McCallister,* 809 S.W.2d 423, 429 (Mo.App.1991).

Mr. Sinclair supports his contention of error by arguing that Mrs. Sinclair was awarded more than twice the amount of liquid assets he was awarded. Although the award of marital property is a factor in determining maintenance, a spouse is not required to deplete his or her portion of marital property before he or she is entitled to an award of maintenance. *In re Marriage of Lindenfelser,* 596 S.W.2d 71, 72 (Mo.App.1980). Mrs. Sinclair has obtained appropriate employment and has a net monthly income of $630.97 per month. Her projected expenses[4] equal $1,599.63 per month. This means that before receiving child support or maintenance, Mrs. Sinclair is working with a $968.66 deficit each month. The trial court awarded Mrs. Sinclair $250.00 child support and $250.00 maintenance per month. After considering

Mrs. Sinclair's income, child support and maintenance, Mrs. Sinclair is left $468.66 per month short of her claimed monthly expenses.

Based on the foregoing analysis, this court finds that there was substantial evidence supporting the trial court's award of maintenance and support. Nevertheless, due to the possibility that in the trial court's mind there was any inter-relatedness of the maintenance and the child support, this court will vacate the award of $250.00 per month maintenance, so that on remand the trial court may reconsider both the maintenance and the child support. When reversing one portion of a decree, sometimes it is appropriate to reverse other portions of the decree so that, on remand, the trial court can reconsider all necessary related portions. *Lynch v. Lynch,* 665 S.W.2d 20, 24 (Mo.App.1983).

*Summary*

The judgment is affirmed as to the division of property. The judgment is reversed as to the award of child support and the case is remanded to the trial court with instructions to entertain Form 14 calculations pursuant to Rule 88.01 (and to receive any evidence necessary to determine figures for the use of Form 14). The court is then to consider the Form 14 calculations, and to award the amount so determined, or to make specific findings concerning the injustice or inappropriateness of such award, and to make such other award which the court believes is supported by the evidence in this case. The judgment is also reversed as to the award of maintenance so that, upon remand, the issues of

---

**4.** Mr. Sinclair argues that Mrs. Sinclair has not yet incurred the expenses she projects, since she resides with her mother, and that therefore, these expenses should not be considered in determining her demonstrable needs. However, there are at least two Missouri cases which allow projected expenses to be considered in awarding maintenance. *See McCallister v. McCallister,* 809 S.W.2d 423, 429 (Mo.App.1991) (where the trial court properly considered the wife's projected expenses for rent, utilities and uninsured medical care, even though the wife had not yet incurred the expenses because she was residing with relatives); *Goodwin v. Goodwin,* 746 S.W.2d 124, 127 (Mo.App.1988) (where the court properly considered projected expenses for insurance, rent and utilities and stated to adopt the husband's analysis would be to penalize her for temporarily seeking shelter in her mother's home until the divorce was resolved).

maintenance and child support may be reconsidered together.

All concur.