Helen G. STEWART, Respondent,

v.

Gary L. STEWART, Appellant.

No. 62957.

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 16, 1993.

Rehearing Denied Dec. 16, 1993.

John K. Greider, Clayton, for appellant.

Michael C. Walther and Rochelle Kaskowitz, St. Louis, for respondent.

AHRENS, Judge.

Husband appeals from the trial court's award of temporary maintenance pendente lite in a dissolution of marriage action. Wife cross-appeals from the child support award. We affirm the temporary maintenance award as modified and remand as to temporary child support.

The parties were married on January 2, 1971. Wife filed for divorce on December 13, 1991, and the parties separated in April, 1992. On July 14 and 15, 1992, the court heard the parties' pendente lite (PDL) motions for custody, child support and maintenance. At the time of the hearing, the parties had two daughters, Hillary and Brooke, ages fourteen and eleven, respectively.

From 1982 to 1992, Husband was employed by various companies under the control of Wife's family. He earned approximately $57,000 in 1991 and continued to earn that salary until his termination. In January, 1992, after Wife filed for divorce, Husband transferred $20,000 from a joint investment account to a joint checking account without Wife's knowledge. Soon after, Husband borrowed $30,000 on the couple's home equity line of credit and placed the money in an individual account. Shortly thereafter, Wife terminated Husband's employment. At the time of the hearing, Husband had been unable to locate another job and had received four unemployment insurance checks in the amount of $175 per week.

The court awarded split custody of the daughters, Brooke to Husband and Hillary to Wife. On September 8, 1992, the court ordered Wife to pay $500 monthly child support to Husband for Brooke, and monthly maintenance to husband of $2,500, or, in the alternative, Wife could employ Husband at one of her companies and pay him $2,500 a month. The court amended the child support order on September 10 to require Wife to pay $860 per month for Brooke. Both parties filed motions to amend the judgment, and on October 23, 1992, the court set aside the September 10 amendment and amended the original judgment to order Wife to pay $837 in child support to Husband for Brooke. Husband appeals the temporary maintenance award.

Wife filed a motion in the trial court requesting a correction of a mathematical error in the court's computation of the child support amount awarded Husband as support for Brooke, seeking that the court take into consideration Wife's support of Hillary, the daughter in her custody. The trial court declined to rule on Wife's motion, finding that it had lost jurisdiction when the PDL award was first appealed. Wife appeals the trial court's calculation of her child support obligation.

We will uphold the trial court's order granting husband temporary maintenance and child support unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The court's discretion in awarding temporary maintenance pendente lite is broader than at the dissolution hearing and a reviewing court is extremely cautious about altering judgments regarding such allowances because they are temporary and their effects do not extend beyond the final hearing of the case. *Camden v. Camden*, 844 S.W.2d 75, 78 (Mo.App.1992).

Husband first argues that the trial court erred in adopting Wife's proposed order as its own. Apparently, the trial court entered the findings as submitted by Wife in its original order. Husband cites no authority which is dispositive, but claims that such a practice is not in compliance with Rule 73.01. This Rule, however, does not address the issue of whether the court may adopt a party's suggested findings as its own. Rather, it states that "[t]he court shall render such judgment that it thinks proper under the law and the evidence." *Rule 73.01(a)(2)*. There is no basis for a determination that the findings and conclusions of the trial court are erroneous if they are supported by the evidence. *Kansas City Hill Restaurant v. Dean's Fairmount Co.*, 847 S.W.2d 472, 476 (Mo.App.1992). An examination of the rec-

ord reveals that the court's findings are supported by the evidence. Point denied.

Husband's second and third points are linked and will be discussed together. In the second point, Husband contends that the court erred in making findings which were not in evidence nor a reasonable inference drawn from the evidence. Husband complains of several of the findings in the court's September 8, 1992 order but then admits that many of these were significantly corrected in the court's amendments of the original order. Husband is then left with his allegation of error as presented in point three, which is that the trial court erred in imputing income of $3,258 per month to Husband.

 "A court may, in proper circumstances, impute an income to a husband according to what he could have earned by the use of his best efforts to gain employment suitable to his capabilities." *Garrison v. Garrison*, 846 S.W.2d 771, 775–76 (Mo.App. 1993). Unless there is evidence that a party's unemployment is other than temporary, a court may impute the amount of demonstrated earning capacity for the PDL award. *Foster v. Foster*, 844 S.W.2d 559, 562 (Mo. App.1992). In this case, Husband testified as to his extensive education and work experience. He stated that he was capable of earning $60,000 to $75,000 a year. In addition, there was no evidence which indicated that Husband's unemployment situation was not temporary. Given the evidence, the court could have reasonably found that Husband would be able to earn such an amount if he were to put forth his best efforts to gain suitable employment. The court did find that Husband was capable of earning $3,258 per month and imputed that amount to him as income. This finding is supported by substantial evidence and is not an abuse of discretion. Points denied.

 Husband next claims that the court erred in the amount of the temporary maintenance award because it required him to deplete marital assets or borrow money to meet expenses. After considering the factors set forth in § 452.335.2 RSMo 1986, the court ordered Wife to pay maintenance of $2500 per month or to provide Husband with a job paying that amount. Husband argues that he should receive $4300 per month in maintenance because his expenses exceed his income by that amount. Since the court only ordered Wife to pay $2500, he contends that the court is requiring him to deplete marital assets or borrow money to meet his expenses. The court, however, found that Husband had only put forth a limited effort in securing a position to support himself. The court further found that Husband has the education, advanced degrees and substantial background to be employed and that he therefore has an obligation to support himself through appropriate employment. Since the court found Husband to be capable of supporting himself, its maintenance order does not require Husband to deplete marital assets or borrow money to cover his expenses. As was stated previously, a court's discretion in awarding temporary maintenance is broad and we are to be cautious about altering such judgments. *Camden*, 844 S.W.2d at 78. In ordering Wife to pay maintenance of $2500 per month, the court did not abuse its discretion.

Husband's fifth point asserts that the court erred in making its maintenance award to Husband self-modifying or terminable based on future speculative events. The court ordered Wife to pay maintenance of $2500 per month. The order provided that if Wife were to make available to Husband a position at one of her companies with a salary of $2500 per month or more, then Wife will have satisfied her financial obligation to Husband. The order also provided that should Husband not accept such a position or refuse to perform all reasonable duties assigned to him, either party may petition the court for further orders. Husband complains of these provisions even though he suggested such an arrangement in the proposed orders he submitted to the trial court. Husband argues that these provisions are based on future speculative events and will make it difficult for him to find a job paying more than $2500 per month because he will be working full time and not have adequate time to search for other employment.

 "Awards of limited duration should not be based on speculation as to the future

conditions of the parties. Awards of limited duration are entirely proper when the trial court has before it evidence of some impending change in the financial conditions of the parties or at the least some reasonable expectation that such a change will occur." *Reeves v. Reeves,* 768 S.W.2d 649, 651 (Mo. App.1989). If there is a rational basis to support the court's determination, then an award of limited maintenance should stand. *Pemberton v. Pemberton,* 756 S.W.2d 660, 662 (Mo.App.1988). The court formulated its alternative maintenance arrangement in accordance with Husband's proposed orders. "[A] party is estopped or waives his right to appeal when a judgment, order, or decree was entered at his request." *State ex rel. Fletcher v. New Amsterdam Cas. Co.,* 430 S.W.2d 642, 645 (Mo.App.1968); *see also Cheffey v. Cheffey,* 821 S.W.2d 124, 125 (Mo. App.1991). We do not reach the question of whether this maintenance award would be proper in the absence of Husband's invitation, or in an award of permanent maintenance. Given the circumstances of this case and the fact that the award is temporary, we do not feel the trial court abused its broad discretion in fashioning the temporary maintenance award. However, to avoid a situation where Wife would be deemed to have satisfied a personal obligation through corporate employment, we modify the temporary maintenance order by deleting "... then petitioner shall have satisfied the financial obligation of this order" and substituting the following, "... then petitioner's obligation to pay temporary maintenance shall terminate." Point denied.

Husband's final point is that the court erred in failing to make maintenance and support payments retroactive. Husband's PDL Motion was filed March 4, 1992 and he was subsequently fired by Wife on April 23, 1992. The PDL hearing took place on July 14 and 15, 1992 and the initial PDL order was issued on September 8, 1992. The order did not state a beginning date for the child support or maintenance payments, so the first installment was due on the date of the order. § 454.520.4 RSMo. There was no provision for the maintenance to be retroactive.

■■■ Although the language of § 452.-315.5 RSMo allows a trial court to order retroactive maintenance, the statute does not compel the court to do so. The trial court has discretion in determining when temporary maintenance should begin. *Francis v. Francis,* 823 S.W.2d 36, 38 (Mo.App.1991). Husband fails to show that the trial court abused that discretion. Point denied.

Wife cross-appeals the trial court's award to Husband of $837 in monthly child support of Brooke, the daughter in Husband's custody. Wife claims that the court erroneously calculated the support amount. We agree.

■■■ In split custody cases, as in other child custody situations, Form 14 must be completed and made part of the record. *Sinclair v. Sinclair,* 837 S.W.2d 355, 358 (Mo.App.1992). There is a rebuttable presumption that the amount of child support calculated pursuant to Form 14 is the amount to be awarded in a judicial proceeding for child support. Rule 88.01(e). This presumption may only be rebutted if the court enters a written finding or a specific finding on the record that the amount calculated according to Form 14, after consideration of all relevant factors, is unjust or inappropriate. *Id.* The trial court is granted discretion to determine whether compliance with the Form 14 guidelines is unjust or inappropriate. *Id.;* § 452.340.8 RSMo Cum. Supp.1992. This discretion extends to split custody cases as well.

In the present case, the court found the parties were to have split custody of their two daughters, Hillary to Wife and Brooke to Husband. The court found Husband's monthly income was $3,258.00 and Wife's monthly income was $10,924.00. The court then used Form 14 and under *Mehra v. Mehra,* 819 S.W.2d 351, 354 (Mo. banc 1991), found the total support for both children to be $1550.00 per month, or $775.00 per child per month. The court further determined that Wife was to pay 77 percent ($1193.50) of this support and Husband 23 percent ($356.50). The court then awarded Husband child support of $837. The trial court did not enter a written finding or a specific finding on the record that the amount of child support calculated pursuant to Form 14 was

unjust or inappropriate. Rather, the court used the numbers generated from Form 14 in calculating its award.

 Although not required to, the trial court chose to use the Form 14 results in its calculations. Therefore, we must determine whether the court properly applied the Form 14 guidelines. In split custody cases, where the court chooses to use the Form 14 results, a parent who is directly supporting the entire need of the child in his or her custody is to be credited with that full amount when determining his or her support of the other child(ren). *Boudreau v. Benitz*, 827 S.W.2d 732, 736–37 (Mo.App.1992). The trial court did not do so in this case. Since Wife was directly supporting all of Hillary's needs, in determining Wife's support of Brooke using the Form 14 results, she should have been credited with $775.00, representing one-half the combined child support costs. This amount is then subtracted from Wife's total support obligation of $1193.50, leaving $418.50 as Wife's presumed contribution to Brooke's support. *See Sinclair*, 837 S.W.2d at 358–59. When added to Husband's contribution of $356.50, Brooke's total support would be $775, as was determined according to Form 14 guidelines.

We remand the issue of temporary child support to the trial court for further consideration. We modify the temporary maintenance order by deleting "... then petitioner shall have satisfied the financial obligation of this order" and substituting the following, "... then petitioner's obligation to pay temporary maintenance shall terminate." The judgment is in all other respects affirmed.

Judgment affirmed as modified in part and remanded in part.

GRIMM, P.J., concurs.

CARL R. GAERTNER, J., concurs in part and dissents in part.

CARL R. GAERTNER, Judge, concurring in part and dissenting in part.

I respectfully dissent from that portion of the majority opinion which places this court's stamp of approval upon the shifting of a spouse's personal obligation to pay mainte- nance to a corporation controlled by that spouse. The trial court's order, after requiring wife to pay husband temporary maintenance of $2,500 per month, states: "however, if petitioner [wife] makes available to respondent [husband] a job through one of the family companies that pays a gross salary of at least two thousand five hundred dollars ($2,500) per month, then petitioner shall have satisfied the financial obligation of this order."

I recognize the apparent purpose of this provision is to eliminate the need for husband to draw upon unemployment compensation for subsistence. Commendable as this purpose may be, I believe the ramifications of such a provision are so potentially violative of public policy considerations that we should not permit it to stand.

First of all, the shifting of the personal responsibility of wife to a corporation has an inevitable impact upon the financial status of the corporation and may constitute the taking of property from corporate shareholders or officers and employees whose compensation is tied to profits without due process of law. Furthermore, satisfaction of a personal obligation from corporate assets has major tax ramifications. Moreover, these ramifications as well as the costs and benefits of fringe benefits associated with employment serve to distort the validity of the financial statements of the parties upon which the trial court relied. Virtually forcing one spouse to accept whatever form of employment may be tendered by the other raises a specter of Thirteenth Amendment considerations.

I am mindful of the fact that husband suggested a form of employment alternative in his proposed order and that he does not directly attack this provision here. Nevertheless, I do not believe public policy considerations can be dispatched by waiver or the agreement of individuals. I am also cognizant of the absence of objection to the employment provisions by members of wife's family and others who may have financial interest in the corporations. However, the possibility of precedential value being accorded our decision does not permit the luxury of overlooking public policy considerations.

Therefore, I dissent from the implicit approval of the employment alternative in the order of the trial court.

In reconsidering the award of temporary child support, the trial court should recognize that the income attributed to husband, $3,258.00 per month, equals the total of the $2,500.00 per month salary for the job he is being forced to accept plus his unemployment compensation of $175.00 per week. He cannot receive both.

I concur in all other aspects of the majority opinion.