TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-98-00360-CR


NO. 03-98-00361-CR


NO. 03-98-00362-CR


NO. 03-98-00363-CR










Dallas Murphy McClarty, Jr., Appellant




v.




The State of Texas, Appellee








FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NOS. 48,018, 48,019, 48,020 & 48,021, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING








 After appellant entered pleas of guilty to four offenses of delivering a controlled
substance, cocaine, in the amount of four grams but less than two hundred grams, (1) the trial court
assessed punishments at confinement for ten years and fifteen years in the two earlier numbered
causes, and at thirty years in each of the latter numbered causes. Appellant asserts that error
occurred in the trial court because: (1) appellant did not receive effective assistance of counsel,
and (2) the evidence showed that appellant was the victim of entrapment. We will overrule
appellant's points of error and affirm the judgments of the trial court.

 In his first point of error, appellant contends that he did not receive the effective
assistance of counsel in the trial court because: (1) he was not afforded an investigation of the
allegations against him; (2) there was no discovery of audio and video tapes; and (3) there was no
challenge to evidence seized with a defective search warrant.

 Where there is no plea bargain and a plea of guilty is voluntarily made, all non-jurisdictional defects including claimed deprivations of due process are waived under what is
commonly referred to as the Helms Rule. See Shallhorn v. State, 732 S.W.2d 636, 637 (Tex.
Crim. App. 1987); Helms v. State, 484 S.W.2d 925 (Tex. Crim. App. 1972). Since a claim of
ineffective counsel is not a jurisdictional issue, we do not have jurisdiction to address this point
of error. See Lyon v. State, 827 S.W.2d 732, 736 (Tex. Crim. App. 1994). Appellant's first
point of error is overruled.

 In his second point of error, appellant contends that the convictions should be set
aside because of evidence of entrapment favorable to appellant. Appellant does not contend that
the defense of entrapment is a jurisdictional error nor can we envision any rationale that would
support such a position. Accordingly, our disposition of appellant's first point of error is
dispositive of this contention. Appellant's second point of error is overruled.

 The judgments are affirmed.



 

 Tom G. Davis, Justice

Before Chief Justice Aboussie, Justices Jones and Davis*

Affirmed

Filed: April 1, 1999

Do Not Publish


















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. See Tex. Health & Safety Code Ann. § 481.112(d) (West Supp. 1999).



 WP="BR2">
v.




The State of Texas, Appellee








FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NOS. 48,018, 48,019, 48,020 & 48,021, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING








 After appellant entered pleas of guilty to four offenses of delivering a controlled
substance, cocaine, in the amount of four grams but less than two hundred grams, (1) the trial court
assessed punishments at confinement for ten years and fifteen years in the two earlier numbered
causes, and at thirty years in each of the latter numbered causes. Appellant asserts that error
occurred in the trial court because: (1) appellant did not receive effective assistance of counsel,
and (2) the evidence showed that appellant was the victim of entrapment. We will overrule
appellant's points of error and affirm the judgments of the trial court.

 In his first point of error, appellant contends that he did not receive the effective
assistance of counsel in the trial court because: (1) he was not afforded an investigation of the
allegations against him; (2) there was no discovery of audio and video tapes; and (3) there was no
challenge to evidence seized with a defective search warrant.

 Where there is no plea bargain and a plea of guilty is voluntarily made, all non-jurisdictional defects including claimed deprivations of due process are waived under what is
commonly referred to as the Helms Rule. See Shallhorn v. State, 732 S.W.2d 636, 637 (Tex.
Crim. App. 1987); Helms v. State, 484 S.W.2d 925 (Tex. Crim. App. 1972). Since a claim of
ineffective counsel is not a jurisdictional issue, we do not have jurisdiction to address this point
of error. See Lyon v. State, 827 S.W.2d 732, 736 (Tex. Crim. App. 1994). Appellant's first
point of error is overruled.

 In his second point of error, appellant contends that the convictions should be set
aside because of evidence of entrapment favorable to appellant. Appellant does not contend that
the defense of entrapment is a jurisdictional error nor can we envision any rationale that would
support such a position. Accordingly, our disposition of appellant's first point of error is
dispositive of this contention. Appellant's second point of error is overruled.

 The judgments are affirmed.



 

 Tom G. Davis, Justice

Before Chief Justice Aboussie, Justices Jones and Davis*

Affirmed

Filed: April